{¶ 33} I agree that Taylor did not waive the allied offenses issue, but at the sentencing hearing he expressly invited the error that he now contests. Taylor's counsel did not ask for merger at the sentencing hearing; he asked for concurrent sentencing. The court complied, albeit with a different term of imprisonment. This does not negate the invitation to impose concurrent sentences in my view. While this request may have resulted in ineffective assistance of counsel, that is not the issue before us. Thus, I dissent. *Page 14 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE VACATED IN PART, i.e., Taylor's conviction and sentence for gross sexual imposition, AND THIS CAUSE REMANDED to the trial court for further proceedings consistent with this opinion. Appellee shall pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec.2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: Concurs in Judgment Only.
 Harsha, J.: Dissents with Dissenting Opinion. *Page 1